UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

U2 HOME ENTERTAINMENT, INC.,                     **MEMORANDUM & ORDER**

                                                                              08-CV-3340 (NGG) (VVP)

                     Plaintiff,

                     -against-

MELODY ELITE ENTERPRISES, INC. and
XHI MING LU,

                     Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On August 15, 2008, Plaintiff U2 Home Entertainment, Inc. ("Plaintiff" or "U2 Home"), a motion picture company, commenced this action under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1125(a), against Defendants Melody Elite Enterprises, Inc. and Xhi Ming Lu (collectively, "Defendants"), alleging copyright and trademark infringement. (Compl. (Docket Entry #1).) On January 7, 2009, Plaintiff moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Pl. Mot. for Default J. (Docket Entry #10).) On January 13, 2009, the Clerk of the Court entered a notation of default. (Docket Entry #11.)

Plaintiff seeks a default judgment awarding $507,750.00 in statutory damages and an order holding Defendants in contempt for violating the Permanent Injunction this court issued in a previous action. (Pl. Mem. Supp. Mot. Default J. ("Pl. Mem.") 2 (Docket Entry #10).) For the reasons below, Plaintiff's Motion for Default Judgment is GRANTED. The court awards Plaintiff $507,750.00 in statutory damages but declines to issue an order of contempt.

1

## I. PROCEDURAL AND FACTUAL BACKGROUND

U2 Home is a motion picture company that has obtained exclusive authority from companies in Asia to distribute certain Asian-language motion pictures and television programs. Specifically, U2 Home imports, manufactures, or authorizes the manufacture of these motion pictures and television programs in videocassette and/or videodisc formats and distributes these authorized copies in the United States. (Compl. ¶¶ 9-10.) U2 Home or its licensors have maintained the validity of the registered copyrights of the motion pictures and/or television programs at issue in this litigation. (Id. ¶ 10.) Plaintiff also owns the trademark registration in the name Tai Seng Entertainment. (Id. ¶ 18.)

Defendant Melody Elite Enterprises, Inc. is a New York corporation that owns and/or operates a retail store in Flushing, New York. (Id. ¶ 6.) Defendant Xhi Ming Lu owns and/or operates and/or has a financial interest in and the right or ability to control the operation of Melody Elite Enterprises, Inc. (Id. ¶ 7.) Defendants' retail store distributes videocassettes and videodiscs containing Asian-language motion pictures and television series. (Id. ¶ 6.)

U2 Home previously sued Defendants for copyright and trademark infringement in this court. In 2007, Plaintiff filed U2 Home Entertainment, Inc. v. Yue Fung USA Enterprises, Inc., Yuck Chiu Chan, Melody Elite Enterprises, Inc., and Xhi Ming Lu, No. 07-CV-3900 (NGG) (VVP). (Affirmation of Walter-Michael Lee ("Lee Aff.") ¶ 7, Pl. Mot. Ex. C.) This court issued an Order of Seizure, and approximately 134 unauthorized discs were seized. (Id.) The parties subsequently settled the action. (Id.) Defendant Xhi Ming Lu signed the settlement agreement individually and on behalf of the corporate defendant. (Id.) This court issued a Permanent Injunction, on consent, enjoining Defendants from infringing U2 Home's copyrights and

trademarks. (Permanent Injunction and Final Judgment Pursuant to Stipulation ("Permanent Injunction"), No. 07-CV-3900 (NGG) (VVP) (Docket Entry #8).)

U2 Home commenced this action on August 15, 2008, alleging that Defendants imported, duplicated, and distributed unauthorized copies of U2 Home's motion pictures and/or television programs in violation of the Copyright Act and infringed U2 Home's trademarks in violation of the Lanham Act. On August 18, 2008, on Plaintiff's ex parte application, the court issued an Order to Show Cause, providing for, among other things, the seizure of unauthorized copies of Plaintiff's motion pictures and/or television programs and any equipment used to duplicate them from Defendants. (Lee Aff. ¶ 4.) On August 26, 2008, U.S. Marshals, accompanied by U2 Home's counsel, went to Defendants' retail store to effect the seizure. (Affidavit of Mason Tse ("Tse Aff.") ¶ 6, Pl. Mot. Ex. D.) At that time, the U.S. Marshals also served Defendants with the Order to Show Cause and the Summons and Complaint. (Id.)

Approximately 408 unauthorized videodiscs of U2 Home's Motion Pictures were seized from Defendants' retail store. (Id.) The seized discs contain a total of 677 copyrighted works.[1] (Id. ¶ 10.) The U.S. Marshals also seized a computer which Defendants had used to make some unauthorized copies of the works at issue. (Id. ¶ 9.)

Defendants never answered or otherwise responded to the Complaint, and the Clerk of the Court has entered a notation of default.

## II. DISCUSSION

### A. Liability

A party's default is deemed a concession of all "well-pleaded allegations of liability." See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

---

[1] Plaintiff has submitted a list of the titles seized – constituting 677 copyrighted works – and copies of the certificates of copyright registrations. (Tse Aff. ¶¶ 6, 10 & Exs. A & B.) As discussed below, the 677 copyright works include both full-length movies and individual television episodes, each counted as separate works.

Section 501 of Title 17 provides the owner of a copyright with a cause of action for infringement against "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118." 17 U.S.C. § 501(a). Under Section 106, U2 Home has the exclusive right to make and distribute copies of the motion pictures and television programs at issue in this action. See id. §§ 106(1), (3). Plaintiff's Complaint alleges that Defendants have unlawfully distributed, illegally imported, and/or illegally reproduced copies of U2 Home's motion pictures and television programs, and that the acts of copyright infringement were deliberate and willful in light of the permanent injunction issued in the previous action. (Compl. ¶¶ 8-15.) These allegations – which are unrebutted – establish Defendants' liability under the Copyright Act.[2]

## B. REMEDIES

In its Motion for Default, Plaintiff seeks a default judgment with the following relief: (1) minimum statutory damages of $750 per work infringed, for a total damage award of $507,750.00 for the infringement of U2 Home's works protected under the Copyright Act; (2) if U2 Home is not awarded $507,750.000 in statutory damages, its costs of suit including reasonable attorneys' fees; and (3) an order holding Defendants in contempt of this court's Permanent Injunction in the prior action. (Pl. Mem. 2.) The court addresses damages and then turns to Plaintiff's request for a contempt order.

### 1. Damages

It is well-established that a party's default "is not considered an admission of damages." Greyhound, 973 F.2d at 158. Rather, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty, Transatlantic Marine Claims Agency, Inc. v. Ace Shipping

---

[2] Plaintiff's Complaint also contains well-pleaded allegations of trademark infringement in violation of the Lanham Act. (Compl. ¶¶ 18-25.) Because Plaintiff explicitly states that it will waive damages under the Lanham Act if awarded statutory damages under the Copyright Act (Pl. Mem. 8 n.1), the court does not address damages under the Lanham Act in light of its award of statutory damages under the Copyright Act.

4

Corporation, 109 F.3d 105, 111 (2d Cir. 1997), and to provide defendants with an opportunity to contest the amount of damages, Greyhound, 973 F.2d at 158. An evidentiary presentation is required so that the court "may ensure that there is a basis for the damages sought before entering judgment in the amount demanded." U2 Home Entertainment, Inc. v. Fu Shun Wang, 382 F. Supp. 2d 314, 318 (E.D.N.Y. 2007) (citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). A court may make this determination based on evidence presented at a hearing or on review of detailed affidavits and documentary evidence. See id.; Fed. R. Civ. P. 55(b)(2); Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53-54 (2d Cir. 1993); Fustok, 873 F.2d at 40. Plaintiff seeks the minimum amount of statutory damages available to it, along with injunctive relief. (See Pl. Mem. 7-17.) In support of its Motion, Plaintiff has submitted detailed affidavits and accompanying exhibits, which Defendants have not contested. Therefore, a hearing is not necessary here.

The Copyright Act provides that a copyright owner who has established infringement of its copyright may recover either (1) actual damages plus profits or (2) statutory damages. 17 U.S.C. § 504(a); see also N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir. 1992) (noting that a copyright owner may elect statutory damages instead of other forms of monetary relief). An award of statutory damages for "any one work" must be "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In addition, where the court finds willful infringement, it may, in its discretion, increase the award of statutory damages to "a sum of not more than $150,000" per work. Id. § 504(c)(2). Although Plaintiff has provided evidence of willfulness, it elects to recover only the minimum statutory damages award of $750 for each of the 677 works infringed, for a total of $507,750.00. (Pl. Mem. 8-9.)

In order for a copyright owner to recover statutory damages, the work must have been registered with the U.S. Copyright Office, or registration must have occurred within three months after the first publication of the work in the United States. 17 U.S.C. § 412. A certificate of copyright registration is prima facie evidence that the copyright is valid and of the facts stated in the certificates. Id. § 410(c); Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997). Plaintiff has submitted certificates for each of the works infringed and has thus established prima facie evidence of ownership of exclusive rights to the works for which it seeks statutory damages. (Tse Aff. Ex. B.)

In arriving at the conclusion that 677 works have been infringed, U2 Home has counted individual episodes of television episodes as separate works. The court agrees with this approach. The Second Circuit has held that the screenplays and videos of separately copyrighted television episodes from a single television series may be considered separate "works" under the Copyright Act for purposes of the statutory damages. Twin Peaks Prod., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1381 (2d Cir. 1993). While Twin Peaks Productions concerned television episodes that were registered as separate copyrights, a number of district courts in this circuit have awarded U2 Home statutory damages on a per-episode basis for television programs even where multiple episodes may have been part of a single copyright registration. See, e.g., U2 Home Entertainment, Inc. v. Hong Wei Int'l Trading, Inc., No. 04-CV-6189 (JFK), 2008 WL 36906889, at *12-14 (S.D.N.Y. Aug. 21, 2008) (concluding that each individual episode is a "'work' within the meaning of the Copyright Act," notwithstanding multiple episodes registered under a single copyright and awarding per-episode statutory damages to plaintiff); accord U2 Home Entertainment, Inc. v. Fu Shun Wang, 482 F. Supp. 2d at 319 n.5; U2 Home Entertainment, Inc. v. John Does I Through V, No. 04-CV-4402 (RJD) (JMA), 2005 WL

6

3018702, at *4 (E.D.N.Y. Sept. 13, 2005). Relying on this approach, the court concludes that Plaintiff should be awarded the minimum statutory damages of $750 for each of the 677 works infringed by Defendants, for a total of $507,750.00.[3]

### 2. Request for a Contempt Order

Plaintiff also seeks an order holding Defendants in contempt for their violation of the Permanent Injunction entered in this court's previous action. The Permanent Injunction enjoins Defendants from "[m]anufacturing, copying, [and] duplicating," as well as "knowingly selling, renting, distributing, performing or otherwise disposing of any unauthorized videocassette or videodisc copies" of Plaintiff's motion pictures and/or television programs." (Permanent Injunction ¶ 1(b).) The Permanent Injunction also enjoins Defendants from using Plaintiff's trademarks. (See id. ¶ 1(c).)

A defendant may be held in civil contempt for violating a court order only where the plaintiff establishes that: (1) the decree was clear and unambiguous, and (2) the proof of non-compliance is clear and convincing. Chao v. Gotham Registry, Inc., 514 F.3d 280, 291 (2d Cir. 2008); see also Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002) (noting plaintiff's burden of proof). The defendant's conduct need not be willful, but a plaintiff must prove that the defendant "has not been reasonably diligent and energetic in attempting to comply." Chao, 514 F.3d at 291. The decision to hold a party in contempt is within the discretion of the district court. See Dunn v. New York State Dep't of Labor, 47 F.3d 485, 490 (2d Cir. 1995).

While the unrebutted allegations in the Complaint establish the grounds for a contempt order, the imposition of such an order is not required to achieve the outcome sought by Plaintiff.

---

[3] Having awarded Plaintiff statutory damages in the amount requested, the court does not address Plaintiff's right to recover costs and attorneys' fees, which Plaintiff stated that it will waive if awarded statutory damages. (Pl. Mem 18.)

7

See United States v. Jean-Baptiste, No. 98-CV-7025 (CPS) (SMG), 2007 WL 3197390, at *4 (E.D.N.Y. Oct. 26, 2007) (declining to award contempt order where not required to achieve plaintiff's desired outcome). When faced with Defendants' continuing copyright and trademark infringement, rather than merely seeking monetary sanctions for civil contempt of the Permanent Injunction in the prior action, Plaintiff filed this action as a separate lawsuit, in which it will receive $507,750.00 in damages. The court declines to issue an order of contempt at this time; Defendants are warned, however, that any future violations of the Permanent Injunction will subject them to a finding of contempt.

## III. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. The court awards Plaintiff statutory damages in the amount of $507,750.00 but declines to issue an order holding Defendants in contempt. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 19, 2009

NICHOLAS G. GARAUFIS
United States District Judge